## Agnew, Appellant, *v.* Stroud.

*Estoppel—Trespass—Former action—Different issues involved— Verdict—Judgment non obstante veredicto.*

In an action of trespass to recover damages, alleged to have been suffered in the cutting of trees, judgment was entered for defendant non obstante veredicto on the ground that he had already obtained a verdict in a prior action, and the plaintiff was estopped thereby from maintaining the second action. It appeared that in the first action two defenses were presented, first, that the defendant had not cut timber on the land after plaintiff acquired title, and second, that the defendant owned the land where the timber was cut. In the second action the plaintiff claimed title to the land where the timber was cut by grant and by adverse possession and no other issue was raised.

*Held,* inasmuch as the issue involved in the second action was not the sole issue involved in the first action, the identical question had not been properly at issue and adjudicated, and the first action was not an estoppel in the way of plaintiff's right.

Argued March 5, 1923.   Appeal, No. 2, March T., 1923, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1913, No. 441, in favor of defendant non obstante veredicto, in case of Harper W. Agnew v. Anna L. Stroud, Administratrix of the Estate of Frank L. Stroud, deceased.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Trespass to recover damages for injuries to real estate.   Before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $80.06. Subsequently judgment was entered for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* inter alia, was the action of the court in entering judgment non obstante veredicto.

*Q. A. Gates,* and with him *J. Q. Creveling,* for appellant.

*M. J. Mulhall,* for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The plaintiff's action was trespass. The injury complained of was the cutting of trees by the defendant on land claimed by the plaintiff. A plea of not guilty was entered by direction of the court. A verdict having been rendered for the plaintiff, judgment non obstante veredicto was entered in favor of the defendant; the reason for such judgment being, as stated by the court, that in a former action between the same parties involving a trespass on another part of the same land, the verdict was for the defendant—he having alleged as one of his defenses the ownership of the locus in quo by him. The only question for our consideration, therefore, is whether the former action of trespass was conclusive against the plaintiff as an estoppel in a subsequent action for a trespass subsequently committed on another part of the land occupied and claimed by the plaintiff. In the first action two defenses were presented: First, that the defendant had not cut timber on the land after the plaintiff acquired title; and, Secondly, that he owned the land on which the timber was cut. At that trial evidence was introduced showing the existence of two surveys one made in 1851 or '52 called the Lord line and another made in 1857 called the Colt line. The plaintiff claimed title up to the Colt line. The defendant alleged the Lord line was the true division line. It appeared that the lat-

ter line was marked at the instance of a predecessor in title of the defendant, and there was evidence tending to show that the Colt line was made by the adjoining owners or with their consent. The land, the right of possession of which was in dispute, was a long strip about ten rods wide; a public highway crossed it dividing it in unequal parts—the northern portion being larger than the southern. The cutting of timber complained of in the first action was on the land below the road on which the plaintiff had constructed a wire fence along the line to which he claimed. The second action was for a trespass alleged to have been committed above the road—title to which was asserted by the plaintiff not only by grant, but by adverse possession for more than forty years. In neither of these actions was an issue joined on the equivalent of a plea of liberum tenementum. The statutory plea under the Act of 1887, P. L. 272, was the only definition of the issue. The record shows that a "bill of particulars" was filed in the first case, but that was lost or mislaid and does not appear in the record. Dependence was placed on the evidence offered in the first trial to show the nature of the defense, and this was twofold as above stated. The learned judge of the court below relied on Stevens v. Hughes, 31 Pa. 382, in support of the proposition that in an action of trespass on a plea of liberum tenementum, a judgment estops the party against whom it has been rendered from afterwards controverting the title to the same freehold in a subsequent action of trespass. It will be noted, however, that in the case cited, after the plea of not guilty had been entered, the parties agreed on a case stated in which the plea of not guilty was in effect withdrawn. The cutting on the close described was admitted and there was submitted to the court only the question whether the title was in the plaintiff or defendant. Of this state of the record the court said: "The case therefore presents a record, equivalent to a judgment in favor of a defendant, on a traverse of a plea of liberum tenementum, after a novel assign-

ment, and this where there is no other plea." It thus appears that the only question in issue on the record was the title to the land where the trespass was committed. Doubtless the defense of liberum tenementum may be introduced under the plea of not guilty, but to make a judgment conclusive as res adjudicata, it must appear from the record that the title alone was the defense on which the judgment stood, and the former judgment must be applicable to the land on which the subsequent trespass is alleged to have been committed. The Act of 1887, P. L. 272, establishing a plea in an action of trespass should not be construed to abolish the distinction between the general defense of not guilty and the defense arising under an assertion of title. To make a former judgment available as an estoppel to a subsequent action, it must appear that the identical question was properly at issue and was adjudicated. Without commenting on the effect of the judgment in the first action as related to the land on which the trespass was said to have been committed, we are of the opinion that it is not available as a defense to the second action; First, because it was not the sole issue involved; and, secondly, because the inquiry as to the location of the Lord line in defense of that action only incidentally involved the line claimed by the plaintiff north of the public highway. On that tract there were buildings, cleared land, fences, and other marks of ownership and occupancy. The plaintiff's right did not depend alone on either of the lines referred to and the plaintiff's defense rested as well on the denial that he cut the timber as on the assertion of ownership. The first action is not an estoppel therefore in the way of the plaintiff's right to recovery in the pending action.

The judgment is reversed and the record remitted to the court below with direction to enter judgment for the plaintiff with treble damages pursuant to the verdict of the jury.